Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Tammy Davis*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy Davis, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Life Insurance Company of North America, Deluxe Corporation, Deluxe Corporation Employee Disability Plan, | |
| Defendants. | |

Now comes the Plaintiff Tammy Davis (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1.   Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Defendant Deluxe Corporation (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group short term disability insurance policy and a group long term disability insurance policy, which were fully insured and administered by Life Insurance Company of North America (hereinafter referred to as "LINA"), which, upon information and belief, is wholly owned and a subsidiary of Cigna Corporation. The specific LINA short term policy is known as group policy SHD0961457. The Company's purpose in subscribing to the LINA policy was to provide disability insurance for its employees. Upon information and belief, the LINA policy may have been included in and part of the Deluxe Corporation Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to LINA. Plaintiff believes that as it relates to her claim, LINA functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

5. Upon information and belief, Plaintiff believes LINA operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of

benefits; *to wit,* LINA's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits. [1]

6. The Company, Plan and LINA conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

### *Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about June 4, 2010 due to serious medical conditions and was unable to work in her designated occupation as a Customer Service Representative. Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

---

[1] "A plan administrator's dual role of both evaluating and paying benefits claims creates the kind of conflict of interest referred to in Firestone. *That conclusion is clear where it is the employer itself that both funds the plan and evaluates the claim*, but a conflict also exists where, as here, the plan administrator is an insurance company. For one thing, the employer's own conflict may extend to its selection of an insurance company to administer its plan." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (U.S. 2008) (emphasis added).

10. Following her disability, Plaintiff applied for and received short term disability benefits under the relevant short term disability policy, which were awarded through September 15, 2010.

11. In a letter dated October 14, 2010, LINA notified Plaintiff it was denying her short term disability benefits as of September 15, 2010.

12. The relevant LINA short term disability policy provides the following definition of a covered disability which applies to Plaintiff's claim:

Definition of Disability

You are considered to be totally disabled under the STD plan if your are prevented from performing the essential duties of your occupation, and as a result, you are earning less than 20% of your pre-disability base pay weekly earning because of:

A non work related accidental bodily injury;

Sickness;

Mental illness;

Substance abuse; or

Pregnancy.

13. Pursuant to 29 U.S.C. § 1133, Plaintiff timely appealed the October 14, 2010 denial of her claim for short term disability benefits.

14. In support of her claim for short term disability benefits, Plaintiff submitted to LINA medical records from her treating physicians supporting her allegation she met the relevant definition of disability under the short term disability policy. Plaintiff submitted medical records and Attending Physicians' statements to LINA which supported she met the relevant definition of disability in the policy, including an October 1, 2010 Attending Physician's statement from Plaintiff's treating physician who opined Plaintiff was unable to work in any occupation.

15. In further support of her appeal, Plaintiff submitted evidence to LINA that she suffered from multiple side-effects of her medications which negatively impacted her ability to work in any occupation.

16. In a letter dated January 28, 2011, LINA notified Plaintiff it was denying her claim for short term disability benefits after LINA erroneously concluded Plaintiff failed to provide sufficient evidence to support the severity of her serious medical conditions. LINA's denial letter failed to provide a full and fair review pursuant to ERISA because it failed to consider, and/or selectively reviewed and de-emphasized most, if not all of Plaintiff's evidence which adequately documented her serious medical conditions and supported Plaintiff met the definition of disability under the relevant LINA policy.

17. In addition, LINA's January 28, 2011 denial letter was erroneous and unlawful because Plaintiff's medical condition had not improved in any way which would have allowed a return to work from the time LINA originally evaluated and approved Plaintiff's short term disability claim.[2]

18. As part of a review of Plaintiff's claim, LINA referred Plaintiff's claim to one of its "Appeal Nurse Case Managers" for a medical records only (paper) review of Plaintiff's claim.

19. In denying Plaintiff's continued short term disability benefits, LINA relied upon a records only review of Plaintiff's claim by an "Appeal Nurse Case Manager."

---

[2] *See McOsker v. Paul Revere Life Ins. Co.,* 279 F.3d 586 (8th Cir. 2002) (holding that once the claimant establishes an entitlement to benefits, absent changed circumstances, the propriety of a termination is questionable); *see also Regula v. Delta Family-Care Disability Survivorship Plan,* 266 F.3d 1130 (9th Cir. 2001), *Walke v. Group Long Term Disability Ins.,* 256 F.3d 835 (8th Cir. 2001); and *Levinson v. Reliance Standard,* 245 F.3d 1321 (11th Cir. 2001) (holding that the burden is placed on insurer to establish claimant's ability to work).

Plaintiff believes that the Appeal Nurse Case Manager may not have been qualified to fully and fairly evaluate all of her serious medical conditions.

20. Plaintiff believes it was unreasonable and evidence of LINA's conflict of interest for Plaintiff's claim to be referred to a nurse who likely did not have the medical training, knowledge or experience to fully and fairly evaluate Plaintiff's serious medical conditions. A reasonable and un-conflicted fiduciary making a good faith effort to provide Plaintiff a full and fair review would have retained a fully qualified physician to review Plaintiff's claim on appeal. "ERISA imposes higher-than-marketplace quality standards on insurers" [3] and LINA's referral of Plaintiff's claim on appeal to an Appeal Nurse Case Manager may have fallen well below any reasonable quality standard and therefore, denied Plaintiff of a full and fair review.

21. Plaintiff questions the independence, impartiality and bias of LINA's own employee to fully and fairly review her claim and she believes the Appeal Nurse Case Manager's opinion is adversarial because of the individual's conflict of interest as an employee. Plaintiff believes LINA's financial conflict of interest is a motivating factor why it referred Plaintiff's claim to its own employee for review.

22. The Appeal Nurse Case Manager did not examine Plaintiff and the nurse's opinion that Plaintiff's inability to work was not supported by the medical documentation was based entirely on a selective review of Plaintiff's medical records which unlawfully and erroneously ignored and/or de-emphasized Plaintiff's self-reported complaints [4] of

---

[3] Id.

[4] "While the rules and presumptions of our Social Security case law do not apply to ERISA benefits determinations, see *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 123 S. Ct. 1965, 155 L. Ed. 2d 1034 (2003), our Social Security precedents are relevant for the factual observation that disabling pain cannot always be measured objectively--which is as true for ERISA beneficiaries as it is for Social Security

-6-

her abilities and the combined effect [5] Plaintiff's prescribed medications had on her ability to work in any occupation. Plaintiff believes this evidence was important evidence because the aforementioned limitations precluded any gainful employment and were sufficient to meet the definition of disability set forth in the relevant LINA policy. The aforementioned evidence should have been considered and the fact it was not precluded a full and fair review of Plaintiff's claim.

23. With the filing of this complaint, Plaintiff has deemed [6] her appeal and claim denied. Pursuant to 29 C.F.R. § 2560.503-1(1) Plaintiff is deemed to have exhausted her administrative levels of review and has a right to bring this civil action.

24. Plaintiff believes a reason her claim was denied, notwithstanding LINA's original approval of her short term disability claim, is because LINA's liability to Plaintiff may have been extended to the payment of long term disability benefits if Plaintiff exhausted her short term disability benefits – which would have occurred if LINA had continued to pay Plaintiff for one (1) more month – and LINA's liability to Plaintiff pursuant to the long term disability policy was significantly larger in dollar terms as compared to its liability under the short term disability policy.

---

claimants." *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 873 (9th Cir. 2008).

[5] *See Peterson v. Fed. Express Corp. Long Term Disability Plan*, 2007 U.S. Dist. LEXIS 41590 (D. Ariz. 2007).

[6] "If a Plan fails to follow its prescribed claims procedure, in this instance by deciding the appeal within 90 days, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under § 502(a) of the Act."29 C.F.R. § 2560.503-1(1 )." *See Swanson v. Hearst Corp. Long Term Dis. Plan*, 2009 U.S. App. LEXIS 24055 (5th Cir.).

25. Plaintiff believes LINA's conflict of interest is also evident in that LINA frequently denies short term disability claims when it also insures the long term disability claim so the insured is precluded from recovering long term disability benefits and LINA avoids a much larger financial liability.

26. In evaluating Plaintiff's claim on appeal, LINA had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [7]

27. Plaintiff believes a reason LINA provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest as decision maker and payor of benefits, and this conflict is the reason Plaintiff's claim was denied.

28. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of LINA, including LINA's short term disability denial rate when it also insures the long term disability claim, and any individual who reviewed her claim, and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced LINA's decision to deny her claim.

29. Plaintiff believes she is entitled to discovery as permitted by the Court in the *Meier v. Life Insurance Company of North America, Case No. CV-11-104-PHX-GMS.*

---

[7] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

30. With regard to whether Plaintiff meets the definition of disability set forth in the Plan, the Court should review the evidence in Plaintiff's claim *de novo,* because even if the Court concludes the Plan confers discretion, the unlawful violations of ERISA committed by the Plan and its administrators as referenced herein are so flagrant they justify *de novo* review.

31. As a direct result of LINA's decision to deny Plaintiff's disability claim, she has been injured and suffered damages in the form of lost disability benefits, in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

32. The evidence supports a finding that Plaintiff meets the definition of disability in the short term disability policy, and upon information and belief, the "own" and "any" occupation definitions of disability in relevant long term disability policy. Therefore, Plaintiff is entitled to benefits pursuant to the short term policy as well as the "own" and "any" occupation definitions of disability in the long term disability policy. As a result of Defendants' decision that she did not meet the definition of disability in the short term disability policy, it is or was administratively futile for Plaintiff to have sought a determination from Defendants with regard to whether she met the definition of disability for benefits under the long term disability policy.

33. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

34. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' unjustified denial of payment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

1     A.    For an Order requiring Defendants to pay Plaintiff short term disability benefits a result of her meeting the definition of disability in the relevant policy from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon, as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

    B.    For an Order requiring Defendants to pay Plaintiff long term disability benefits as a result of her being unable to work in her own or any occupation from the date she would have been eligible to apply for these benefits through the date of judgment and prejudgment interest thereon, as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

    C.    For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time she meets the conditions for termination of benefits;

    D.    For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

    E.    For such other and further relief as the Court deems just and proper.

DATED this 24th day of May, 2011.

SCOTT E. DAVIS. P.C.

By:   */s/ Scott E. Davis*
       Scott E. Davis
       Attorney for Plaintiff